[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12566

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHON GREENE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:20-cr-00017-BWC-1

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Stephon Greene, incarcerated at the Federal Correctional Institute Jesup ("FCI Jesup"), appeals his conviction following a jury trial before a magistrate judge for violating the Assimilated Crimes Act, 18 U.S.C. §§ 7 and 13, for public indecency in violation of O.C.G.A. § 16-6-8. The government has moved for summary reversal. We GRANT the government's motion.[1]

The Assimilated Crimes Act prohibits acts or omissions in areas subject to federal jurisdiction if those acts or omissions would be punishable if committed or omitted "within the jurisdiction of the State, Territory, Possession, or District in which such place is situated." 18 U.S.C. § 13(a). The Act defines areas subject to federal jurisdiction as "any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district." *Id.* Section 7, in turn, provides that the "special

---

[1] The government represents that Greene consents to such relief.

We DENY AS MOOT the government's motion to stay the briefing schedule. Because we grant the government's motion for summary reversal, we do not consider the arguments Greene advanced in his brief on appeal, which was filed before the government filed this motion.

maritime and territorial jurisdiction of the United States" includes, as relevant here, "[a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building." *Id.* § 7(3).

Under Georgia law, a person commits the offense of public indecency when he performs a "lewd exposure of the sexual organs" in a public place. O.C.G.A. § 16-6-8(a)(2).

So, to secure a conviction against Greene of the crime for which he was tried, the government had to prove that he (1) committed a lewd exposure of his sexual organs (2) in a public place, (3) while on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof. *See* 18 U.S.C. §§ 7, 13; O.C.G.A. § 16-6-8(a)(2). Regarding the third element, the government moved for the court to take judicial notice of the fact that FCI Jesup was located on land acquired for the use of the United States and under its special territorial jurisdiction. *See* Fed. R. Evid. 201(b)(2). The magistrate judge granted the motion and took judicial notice of this fact. Now, however, the government represents that judicial notice was improper because its "jurisdiction over FCI-Jesup is merely proprietary, which is insufficient under section 7." Motion at 6–7. Thus, the government says, it failed

to prove an essential element of the charge, and "Greene's conviction is invalid." *Id.* at 7.[2]

Given the government's concessions that FCI Jesup is not under exclusive or concurrent federal jurisdiction and that Greene's conviction is invalid, summary reversal is appropriate. We therefore GRANT the government's motion, vacate Greene's conviction, and remand for further proceedings consistent with this opinion.

---

[2] Summary disposition is appropriate, in part, where "the position of . . . the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).